|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| CHRISTOPHER L. SMITH,<br><br>              Plaintiff,<br><br>     v.<br><br>RACHEL BROWN, *et al*.,<br><br>              Defendants. | CASE NO.  C10-5296BHS<br><br>ORDER |

      This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrate Judge's Rule MJR3 and MJR4.

      Plaintiff brings this §1983 civil rights complaint for alleged wrongful termination of his parental rights.

      Plaintiff's complaint alleges that while he was incarcerated on multiple charges, including rape, his wife lost custody of their daughter.  Plaintiff alleges, "I never terminated rights against my wishes – Appeal Order 9-29-09."  Plaintiff further states that defendants Rachel Brown and Christal Davis, both social service workers, never offered that "She mis [sic]

ORDER - 1

Rachel Brown never came to see me concerning my baby. I've cryed [sic] five years. She stated there is no remedy for you." Complaint at 3. Plaintiff argues that the defendants failed to provide him services required under state statute when a petition to terminate parental rights is filed with the state court.

The Complaint is deficient for several reasons. First, it is not clear that plaintiff's parental rights were terminated. Plaintiff alleges his wife's rights were terminated, but does not specifically allege that his rights were terminated by way of a petition and court order. The court cannot assume facts not alleged. Plaintiff may be confused between conditions of his rape conviction and termination of parental rights. The court could assume that a condition of a rape conviction would likely include a restriction on plaintiff from any contact with any minor children, including his own, but that type of condition is not the same as termination of parental rights. If this is the case, plaintiff is collaterally challenging a fact or condition of his criminal conviction, which is prohibited in a civil rights action. *See* Heck v. Humphrey, 512 U.S. 477, 489 (1994)(A §1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated).

Second, the appropriate statute of limitations for a § 1983 claim is the forum state's statute of limitations for tort actions. Wilson v. Garcia, 471 U.S. 261, 269 (1985). Washington provides a three-year statute of limitations for tort claims. RCW 4.16.080(2). Accordingly, the statute of limitations applicable to plaintiff's § 1983 claim is three years. See, e.g., Joshua v. Newell, 871 F.2d 884, 886 (9th Cir. 1989). Here, plaintiff's complaint states he was aware of the alleged wrongful conduct on or about October 22, 2006 -- more than three years before filing this matter. Therefore, the claim is barred by the applicable statute of limitations.

1   Finally, the complaint is deficient because plaintiff is asking for monetary damages, in
2   the amount of five-million dollars ($5,000,000.00) for emotional injury. Under 42 U.S.C. §
3   1997(e), no federal civil action may be brought by a prisoner for mental or emotional injury
4   suffered while in custody without a prior showing of physical injury. <u>Siglar v. Hightower</u>, 112
5
6   F.3d 191, 193 (5th Cir. 1997). Plaintiff is in custody and is seeking a claim of damages based on
7   emotional damages, without any associated physical injury. Therefore, plaintiff's claim for
8   emotional injury is barred by §1997(e).
9   Based on the forgoing findings, it is hereby ORDERED that **by no later than June 30,**
10  **2010**, plaintiff shall either file an amended complaint, curing, if possible, the above noted
11  deficiencies, or show cause why this matter should not be summarily dismissed. If an amended
12  complaint is not timely filed or if plaintiff fails to adequately respond, the Court will recommend
13
14  dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count
15  as a "strike" under 28 U.S.C. § 1915(g).
16  The Clerk is directed to send plaintiff a copy of this Order and the General Order
17  DATED this 17thday of May, 2010.

J. Richard Creatura
United States Magistrate Judge