UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER LEON SMITH

                Plaintiff,

         v.

DSHS, et al.,

             Defendants.

Case No.  C10-5296BHS/JRC

REPORT AND
RECOMMENDATION

**NOTED FOR**:
October 22, 2010

This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge's Rules MJR 1, MJR 3, and MJR 4.  Before the court is defendant Christal Davis' Motion to Dismiss (Dkt. # 13).  Plaintiff has responded (Dkt. # 14).  The court recommends that the action be dismissed because defendant Davis has absolute immunity for her actions while performing as a guardian ad litem.

FACTS

Plaintiff alleges that while he was serving time on "several charges" social worker Rachel Brown and guardian ad litem Christal Davis "refused" to provide him with services required by state statute (Dkt. # 9).  He alleges that as a result of their actions he lost his parental rights regarding a child.   He brings this action seeking monetary damages (Dkt. # 9).

REPORT AND RECOMMENDATION- 1

Defendant Davis moves for dismissal.  Defendant argues that the complaint does not state a claim under the new standard for dismissal announced in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S.Ct. 1937 (2009).  Defendant Davis also argues that she is entitled to absolute immunity for the acts she performed in connection with a child dependency while she was a guardian ad litem (Dkt. # 13, pages 2 through 4).

Plaintiff has responded and provides briefing from the state appeal regarding custody of his daughter.  There is no argument directly addressing the motion to dismiss (Dkt. # 14).  Notably, plaintiff does not address defendant Davis's argument that she is entitled to absolute immunity.

STANDARD OF REVIEW

<u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) provides that a court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal theory or because of the absence of sufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in the plaintiff's favor. <u>Keniston v. Roberts</u>, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Id</u>. at 555.  Plaintiffs must allege "enough facts to state a claim to

REPORT AND RECOMMENDATION- 2

relief that is plausible on its face." Id. at 570. Two years later the Supreme Court has reiterated

the standard announced in Twombly. Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009).

DISCUSSION

A.    Failure to state a claim.

Neither Twombly nor Iqbal reversed the long standing practice of liberally interpreting a

pro se complaint. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). Further, neither case

reversed the precedent that affords a plaintiff leave to amend unless it is clear that amendment

will not cure the defects in the complaint.  A complaint should not be dismissed under Fed. R.

Civ. P. 12 (b) (6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46

(1957).

Twombly and Iqbal both emphasize that there is a plausibility consideration the court

must take into account.  Further, the facts alleged in the complaint must be more than a simple

recitation of the elements of a claim.  The court is mindful that while a court may liberally

interpret a pro se complaint the court may not supply facts the plaintiff has failed to plead.  Pena

v. Gardner, 976 F.2d 469 (9th Cir. 1992).

Plaintiff alleges that he was entitled to certain services in connection with a child

dependency and that a state social worker and guardian ad litem refused to provide those services

to him (Dkt. # 9).  He alleges that as a result his parental rights were terminated and he now

suffers from depression.  The court cannot say as a matter of law that the complaint fails to state

a claim.  Further, if the complaint failed to state a claim, the defect may be curable.  Thus,

amendment of the complaint rather than dismissal would be in order.  The motion to dismiss for

failure to state a claim should be DENIED.

REPORT AND RECOMMENDATION- 3

B.      Absolute immunity.

Defendant Davis argues that a guardian ad litem is performing a quasi judicial function and is therefore entitled to absolute immunity from suit. (Dkt. # 13).  See Fleming v. Asbill, 42 F.3d 886, 889 (4th Cir. 1994); Scheib v. Grant, 22 F.3d 149, 157 (7th Cir. 1994); Kurzawa v. Mueller, 732 F.2d 1456, 1458 (6th Cir.1984); Barr v. Day, 124 Wn.2d 318, 332, 879 P.2d 912 (1994).

Plaintiff has not addressed defendant Davis's argument (Dkt. # 14).  The court has considered the authority cited and concludes that defendant Davis is entitled to absolute immunity from suit.  The motion to dismiss her from this action should be GRANTED.  Further, the court concludes that any appeal in this matter would not be taken in good faith and plaintiff's in forma pauperis status on appeal should be revoked.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October 22, 2010, as noted in the caption.

Dated this 28th day of September, 2010.


J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 4