UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER LEON SMITH<br><br>                Plaintiff,<br><br>      v.<br><br>DSHS, et al.,<br><br>                Defendants. | Case No.  C10-5296BHS/JRC<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR**:<br>May 20, 2011 |

      This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge's Rules MJR 1, MJR 3, and MJR 4.  Before the court is defendant Rachel Brown's motion for summary judgment (Dkt. #22). Ms. Brown is the last defendant remaining in this action.

      The court asked for additional briefing and that briefing has been provided (ECF No. 29, 30, and 31),  Having considered the record the court recommends the motion for summary judgment be GRANTED because the Washington state court's finding that plaintiff received proper due process when his parental rights were terminated is binding on this court.

REPORT AND RECOMMENDATION- 1

FACTS

Plaintiff alleges that while he was serving time on "several charges" social worker Rachel Brown "refused" to provide him with services that the Department of Social Health Services were required to provide under Washington State law (Dkt. # 9). He alleges that as a result of her actions he lost his parental rights regarding a child -- "O.L.S." He brings this action seeking monetary damages claiming a denial of due process under the Fourteenth Amendment to the United States Constitution (Dkt. # 9).

Defendant Brown moves for summary judgment. The Washington State Court of Appeals considered the same issue that plaintiff raises in this court and held that "where the record establishes that the offer of services would be futile, the trial court can make a finding that the Department has offered all reasonable services." (ECF No. 23, Exhibit 1, page 8). (citing In re the welfare of M.R.H 145 Wn. App. 10, 25, ___ P.2d ___, ___ (2008) *review denied*, 165 Wn.2d 1009, ___ P.2d ___ (2009) *cert. denied*, 129 S. Ct. 1682 (2009)). The trial court held that all reasonable services had been provided (ECF No. 23, Exhibit 1, page 8).

In June of 2007, when 5-year-old O.L.S. was made a ward of the state, plaintiff was incarcerated on charges of first degree rape, second degree kidnapping, first degree assault, and felony harassment (ECF No. 23, Exhibit 1, page 2). He was found guilty and sentenced to a 627 month minimum with a life maximum sentence. Id.

In April of 2009, plaintiff was charged with additional crimes from incidents that occurred in 2006. This charge included two counts of first degree rape of a child, and three counts of sexual exploitation of a minor. All of the new charges involved O.L.S. as a victim. Id.

In September of 2009, when the termination of parental rights hearing was held, plaintiff was serving his 627 month sentence and awaiting trial on the new charges. He was not available

REPORT AND RECOMMENDATION- 2

to provide parental care to O.L.S.. Further, he would not be available during the remaining time O.L.S. was a minor.

The Washington State Court of Appeals held:

> Due to the nature of C.S.'s [Plaintiff Christopher L. Smith's] charges, Brown never attempted to contact him by phone or in person. Brown sent a service letter to C.S., but the jail notified her that no services were available to him. C.S. made no attempt to contact Brown. After the State transferred C.S. to prison, Brown made no attempt to contact the prison to determine whether services were available because, by that time, the juvenile court had already continued the termination trial multiple times. Brown testified that, due to C.S.'s lengthy sentence, nothing the Department could do would make him available to parent O.L.S. The Department could not offer C.S. any services that would remedy his parenting deficiencies within the foreseeable future because of the extensive services that he would need, including a psychosexual evaluation, a parenting assessment, and a "laundry list" of pre-placement services such as a bonding and attachment assessment. RP Sept. 2, 2009 at 61. According to Brown, there was no likelihood that C.S. could remedy his parenting deficiencies so that O.L.S. could return to his care in the future because of his convictions and pending charges and because O.L.S. had no relationship with him. Brown testified that continuation of the parent child relationship clearly diminished O.L.S.'s prospects for integration into a stable and permanent home because O.L.S. needed to move forward. According to Brown, termination was in O.L.S.'s best interest.

(ECF No. 23, Exhibit 1, page 3-4).

## STANDARD OF REVIEW

In federal court, summary judgment is required under Fed. R. Civ. P. 56(c) if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact. <u>Tarin v. County of Los Angeles</u>, 123 F.3d 1259, 1263 (9th Cir.1997). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986). That burden may be met by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." <u>Id</u>. at 325. Once the moving party has met its initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify

REPORT AND RECOMMENDATION- 3

facts that show a genuine issue for trial.  Id. at 323-24; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## DISCUSSION

A.  State Court proceedings.

The court ordered additional briefing because the plaintiff argues that he was entitled to DSHS services as a matter of state law.  He alleged that by not providing the services, defendant Brown violated his right to due process.  In response, defendant Brown noted that this very issue was decided by the Washington State Court of Appeals in the termination proceedings (ECF No. 30).  The state court found that under state law services do not have to be offered if the offerings would have been futile.  The trial court found the offering these services would have been futile as plaintiff was not available as a parent.  Federal courts give great weight to a state's interpretation of its own state law. Sram Corp v. Shimano, Inc, 25 Fed. App'x. 626 (9th Cir. 2002).

Defendant Brown was not required to offer the DSHS services under these facts.  Therefore, her actions were discretionary rather than mandatory.  As defendant Brown noted in the original summary judgment motion she is absolutely immune for her discretionary decisions and recommendations as a social worker.  (ECF No. 22, page 8)(*citing* Miller v. Gammie, 335 F.3d 889 (9th Cir. 2003). Accordingly, the court recommends that the motion for summary judgment be GRANTED and that this action dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of de novo review by the District Court Judge.

REPORT AND RECOMMENDATION- 4

See, 28 U.S.C. 636 (b)(1)(C).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 20, 2011 as noted in the caption.

Dated this 21st day of April, 2011.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 5